IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Michael Dykes *and* Wendy Dykes, | ) | Civil Action No. 9:14-3609-RMG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Inmate Services Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending denial of Defendant Inmate Services Corporation's ("ISC") motion for summary judgment. For the reasons set forth below, the Court adopts the report and recommendation and denies ISC's motion for summary judgment.

**I.    Background**

The Magistrate Judge thoroughly recounted the facts and allegations of this case in the Report and Recommendation, which are briefly summarized here. (*See* Dkt. No. 105 at 2–10.) Plaintiff Michael Dykes suffers from severe diabetes. He was arrested on June 18, 2012 for a bad check charge. He has testified that his foot was then so sore that he could not walk properly and that the arresting officers "put their arms under [his] arms so [he] could walk, because [he] couldn't put any pressure on [his] foot." (Dkt. No. 91-2 at 35-37.) He has also stated that when he went into custody at the Hampton County Detention Center, he told them about his health condition and that he had an appointment the next day to see a surgeon about his foot, but that he was not given insulin until a week after his arrest and was not seen by a physician until two weeks after his arrest. Mr. Dykes alleges that when he was seen by a physician, he was told his foot was gangrenous but the only treatment offered was a tube of antibiotic cream.

On July 5, 2012, Mr. Dykes left the Hampton County Detention Center in the custody of ISC, for a three-day van ride to Missouri. Mr. Dykes alleges ISC stored his insulin on the dashboard of the van, rendering it useless because insulin requires refrigeration. He alleges that he was then held in the back of the van in chains for three days. On the third day, he passed out. ISC did not summon medical assistance or transport Mr. Dykes to a hospital. Instead, ISC allegedly asked another inmate present in the van to provide emergency medical assistance. The van stopped at a truck stop to buy orange juice, which the other inmate force-fed into the unconscious Mr. Dykes. The van then continued to its destination.

When Mr. Dykes eventually received proper medical attention, a series of amputations were required. Ultimately, Mr. Dykes's legs were both amputated. Plaintiffs allege those amputations are "a direct and proximate result of the Defendant corporation's failure to provide medical care, treatment and proper medication." (Dkt. No. 1-1 ¶ 13.) Plaintiffs allege three causes of action against ISC: (a) "negligence/gross negligence," (b) violation of 42 U.S.C. § 1983, and (c) loss of consortium, and they seek, *inter alia*, actual and punitive damages. (*Id.* ¶ 14.) Plaintiffs' § 1983 claim is a deliberate indifference to medical needs claim under the Fourteenth Amendment.

On May 23, 2016, ISC moved for summary judgment. On January 23, 2017, the Magistrate Judge recommended denial of ISC's motion. ISC did not object to the Magistrate Judge's recommendation.

## II.   Legal Standard

### A.   Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific

objection is made.  Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*  Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

**B.    Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).  "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).  The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324.  Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.*  Under this standard, "[c]onclusory or speculative allegations do

not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III.  **Discussion**

ISC seeks summary judgment on each of Plaintiffs claims: negligence/gross negligence, violation of § 1983, and loss of consortium.  The Court agrees with the Magistrate Judge that none of ISC's arguments has any merit.

### A.  **Negligence**

ISC presents eight pages of factual argument in support of a point heading stating, "Defendant is entitled to summary judgment on the negligence/gross negligence claim because Plaintiffs present only speculative evidence." (See Dkt. No. 90-1 at 11–19.)  The Court agrees with the Magistrate Judge that ISC's argument is so muddled that it is difficult if not impossible to discern the argument for summary judgment on the negligence claim.  ISC apparently disputes many of Plaintiffs' factual allegations, which would seem an argument *for* a trial.  Moreover, ISC sometimes disputes Plaintiff's allegations with factual claims that are charitably described as counterintuitive.  For example, according to ISC, a diabetic who does not eat over three days "would see his blood sugar climb" and so would not respond positively to orange juice.  (Dkt. No. 90-1 at 12.)  ISC cites no authority for that assertion.  The Court looks forward to the proof.

The Magistrate Judge—lacking a cogent argument for summary judgment from the movant—laid out the elements of a negligence claim, "(1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; (3) resulting in damages to the plaintiff; and (4) damages proximately resulted from the breach of duty," and found sufficient evidence supporting each element sufficient for the claim to survive summary judgment.  The Court agrees with the Magistrate Judge's analysis.  ISC owed Mr. Dykes a duty of care.  ISC

-4-

contracted to transport Mr. Dykes from the Hampton County Detention Center to Missouri and had Mr. Dykes in its custody and control from July 5, 2012 to July 8, 2012. ISC therefore owed Mr. Dykes "a duty to exercise reasonable care in supervising [him] and providing appropriate care and treatment to [him]." *Madison ex rel. Bryant v. Babcock Center, Inc.*, 638 S.E.2d 650, 660 (S.C. 2006). The Court also agrees that there is a genuine dispute about whether ISC violated the governing standard of care, which includes ISC's own policies that require ISC employees to test diabetic blood sugar four times a day and to transport inmates developing serious medical needs to a hospital. (Dkt. No. 92-3 at 25–26; and Dkt. No. 104, Ex. 1.) There are also genuine disputes about whether ISC's breach of duty proximately caused Defendant's damages.

**B.    Section 1983**

ISC seeks summary judgment on Plaintiffs' claim under § 1983, arguing that it is not a state actor. That argument is without merit. In order to state a cause of action under § 1983, a plaintiff must allege the defendant deprived him of a federal right under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Although ISC is indisputably a private party, private parties may act "under color of state law" in "four exclusive circumstances" set forth by the Fourth Circuit, which include when the state has "delegated a traditionally and exclusively public function to a private actor." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). There is no question that custody of the state prisoners is traditionally an exclusive state function. ISC had authority to transport Mr. Dykes only because the state delegated that function to ISC.

ISC also seeks summary judgment on Plaintiffs' § 1983 claim because Plaintiffs purportedly have failed to present a *prima facie* case for deliberate indifference to medical needs. "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) (citations

-5-

omitted). "The test for deliberate indifference has two parts: First, whether the deprivation of medical care was sufficiently serious (objective component) and second, whether there existed a culpable state of mind (subjective component)." *Harden v. Green*, 27 F. App'x 173, 176 (4th Cir. 2001) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective component requires a plaintiff to show that the injury was objectively serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (internal citation omitted). The subjective component requires a plaintiff to show that a defendant knew of and disregarded the risk posed by the serious medical need. *Farmer*, 511 U.S. at 837. The defendant must have had actual knowledge of the risk of harm to the inmate and the defendant "must also have recognized that *his actions were insufficient* to mitigate the risk of harm to the inmate arising from his medical needs." *Iko*, 535 F.3d at 241.

The Court fully agrees with the Magistrate Judge's determination that there is sufficient evidence to survive summary judgment on the objective and subjective components of a deliberate indifference claim. The Report and Recommendation lays out many disputed issues of material fact about whether Defendant was deliberately indifferent to Mr. Dykes' serious and obvious medical needs. (*See* Dkt. No. 105 at 6–8, 45–46.) Indeed, as the Magistrate Judge observes, failure to obtain medical treatment for an insulin-dependent diabetic who passes out is "inexplicable." (*Id.* at 46.)

## IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 105) as the Order of the Court and **DENIES** Defendant's motion for summary judgment (Dkt. No. 90).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February __, 2017
Charleston, South Carolina